IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| FEED THE CHILDREN, INC., a nonprofit corporation<br><br>Plaintiff,<br><br>v.<br><br>IC: FEED THE CHILDREN, a nonprofit corporation<br><br>Defendant. | CIVIL ACTION NO.<br><br>_____<br><br>**JUDGE**<br><br>**MAGISTRATE JUDGE** |

**PLAINTIFF'S VERIFIED COMPLAINT**

PLAINTIFF Feed the Children, Inc. ("Plaintiff" or "FEED") brings this Complaint against DEFENDANT IC Feed the Children ("Defendant" or "IC FEED"), as follows:

**NATURE OF THE ACTION**

1. This action arises out of Defendant's violations of the Lanham Act, 15 U.S.C. §§ 1114, *et. seq.*, and 15 U.S.C. §§ 1125(a) and 1125(c) through its infringement of Plaintiff's federally registered trademark, Defendant's unfair competition, false designation of origin, and passing off, related to Plaintiff's federally registered trademarks, and Defendant's dilution and tarnishment of Plaintiff's trademarks. Plaintiff seeks injunctive, monetary, and declaratory relief under the Lanham Act and the Declaratory Judgment Act, 28 U.S.C § 2201.

1

2. FEED is a 501(c)(3) nonprofit corporation that, for over forty years, has provided global services aimed to reduce hunger for families and children. It is organized under the laws of Oklahoma.

3. Plaintiff provides services, *inter alia*, in Louisiana.

4. To protect its intellectual property, Plaintiff applied to and received from the United States Patent and Trademark Office (the "USPTO") the following federally registered trademarks:

   a. Per Registration Number 4,117,127 (the "'127 Mark"), registered March 27, 2012, Plaintiff owns the word mark for "Feed the Children."

   b. Per Registration Number 4,761,657 (the "'657 Mark"), registered June 23, 2015, Plaintiff owns the following design and word mark, with color claimed:

   

   Plaintiff also maintains similar marks at Registration Numbers 4,761,656, 4,774,037, and 4,774,036.

   c. Per Registration Number 4,774,027 (the "'027 Mark"), registered July 14, 2015, Plaintiff owns the following design and word mark, with no color claimed:

   

    Plaintiff also maintains similar marks at Registration Numbers 4,774,026, and 4,774,024, 4,774,023.

   d. Collectively, the marks described in the foregoing paragraphs are referred to as "FEED's Marks" or "Plaintiff's Marks."

  5. Plaintiff has maintained and used Plaintiff's Marks in interstate commerce since they were issued by the USPTO. Each of Plaintiff's Marks is registered on the principal register with the USPTO and thus has reached "incontestable" status.

  6. Defendant IC: Feed the Children is a Louisiana nonprofit corporation with its principal place of business located at 717 N. Main St., Jennings, Louisiana 70546.

  7. Defendant provides daycare services and meals to children in need in Louisiana. Accordingly, Plaintiff and Defendant provide similar nonprofit services as Plaintiff by offering meals to children.

  8. Defendant's use of the business name "IC: Feed the Children" constitutes infringement of Plaintiff's Marks and other violations of the Lanham Act, 15 U.S.C. § 1114, *et seq.* and 15 U.S.C. §§ 1125(a) and (c).

  9. Plaintiff has already been harmed by Defendant's actions and will continue to be harmed irreparably if Defendant is not enjoined from infringing on Plaintiff's Marks, including by using the confusingly similar business name "IC: Feed the Children."

  10. Plaintiff seeks injunctive relief in the form of a preliminary injunction, permanent injunction, damages, attorneys' fees, costs, and other forms of relief as set forth below.

## JURISDICTION AND VENUE

11. Jurisdiction is based upon 28 U.S.C. § 1331. This action involves claims arising under the Constitution, laws or treaties of the United States, specifically, the Lanham Act, 15 U.S.C. § 1114, *et seq.*, and 15 U.S.C. § 1125(a) and (c).

12. This Court has personal jurisdiction over Defendant because it is a citizen of Louisiana with its principal place of business within this Court's jurisdiction.

13. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this district.

## STATEMENT OF FACTS

14. Plaintiff was established over forty years ago and is one of the leading anti-hunger organizations in the world. It has operated under the name "Feed The Children" for over twenty years. In the United States, including Louisiana, it distributes product donations of food and other items from corporate donors through a network of local community partners, provides classroom support and school supplies to students in vulnerable areas, and mobilizes resources quickly to aid recovery efforts when natural disasters strike. More specifically, in the last several years, Plaintiff has provided to Louisiana residents, *inter alia*, food, beverages, ice, personal hygiene products, books, plywood, face masks, hand sanitizers, soap, toys, and baby items, as part of hurricane relief efforts. From 2000 to 2023, Plaintiff has partnered with 140 community partners for services in Louisiana, made 961 shipments to Louisiana, with an estimated value of over $45,000,000, and has distributed over 14,000,000 lbs. of goods in Louisiana. Between 1993-1999, Plaintiff sent over $3,000,000 worth of products to assist the citizens of Louisiana. Internationally, Plaintiff manages child-focused community development programs that focus on reducing hunger and malnutrition,

teaching health, and promoting self-reliance in eight countries in Asia, Africa, and Latin America. Plaintiff advertises its services, *inter alia*, online.

15. According to the Louisiana Secretary of State's business records, Defendant has operated in Louisiana since 1999. Defendant provides daycare and meal-related services to children in Louisiana. Although Defendant does not maintain an active online advertising presence, information about its services can be found online through search engine searches.

16. Although Defendant's legal entity is "IC: Feed the Children, Inc.," Defendant's Internet presence suggests that it frequently operates solely under the business name "Feed the Children." For example, a Google search for the term "IC: Feed the Children" yields results that refer to the organization as "Feed the Children," as depicted below:



PD.40776247.2

> https://app.lla.state.la.us › PublicReports.nsf
>
> **Feed the Children - Legislative Auditor**
>
> IC: **Feed the Children.** Jennings, Louisiana. INDEPENDENT AUDITORS' REPORT. Report on the Financial Statements. I have audited the accompanying financial ...

> https://app.lla.state.la.us › PublicReports.nsf
>
> **Feed the Children - Legislative Auditor**
>
> IC: **Feed the Children.** Jennings, Louisiana. Report on the Financial Statements. I have audited the accompanying financial statements of IC: **Feed the** ...

17. Plaintiff has never authorized Defendant to use Plaintiff's Marks.

18. On January 17, 2019, Plaintiff directed a cease-and-desist letter to Defendant regarding Defendant's use of Plaintiff's famous Marks, a copy of which is attached as **Exhibit "A."** Plaintiff demanded, *inter alia*, that Defendant completely and immediately cease use of Plaintiff's Marks; destroy any goods or materials in its inventory branded with the infringing mark; take any other steps necessary to immediately cease and desist from any further conduct which constitutes unfair competition with Plaintiff; and provide a signed statement from its owner or officer of Defendant attesting that it had complied with each of the aforementioned steps.

19. Defendant did not comply with any of Plaintiff's demands in the January 17, 2019, cease-and-desist letter, and continued to infringe Plaintiff's Marks.

20. On December 23, 2020, Plaintiff again directed a cease-and-desist letter to Defendant regarding Defendant's use of Plaintiff's famous marks, a copy of which is attached as **Exhibit "B."** Plaintiff repeated the demands set forth in its January 17, 2019, cease-and-desist letter.

21. Defendant did not comply with any of Plaintiff's demands in the December 23, 2020, cease-and-desist letter, and continued to infringe on Plaintiff's Marks.

PD.40776247.2

22.     Throughout 2022, Plaintiff's representatives continued to try to contact Defendant via telephone, e-mail, and social media messaging applications, in an effort to reach an amicable resolution of this dispute. A copy of illustrative messages is attached *in globo* as **Exhibit "C."**

23.     To date, after taking one of Plaintiff's telephone calls, wherein Plaintiff agreed to participate in a follow up call to discuss the discontinued use of Plaintiff's Marks, Defendant has ignored all of Plaintiff's communication efforts and continued to infringe Plaintiff's Marks. In order to protect its rights, Plaintiff was left with no option but to file suit against Defendant.

24.     Defendant's use of the business name "IC: Feed the Children" has already caused actual confusion. Specifically, after Defendant cancelled a check it wrote to a vendor, that vendor's financial institution repeatedly contacted Plaintiff to satisfy payment on Defendant's cancelled check. The financial institution's confusion between the two entities caused Plaintiff to divert time and resources to address and attempt to clarify the confusion.

## COUNT 1 – TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114, *et seq.*

25.     Plaintiff fully incorporates by reference the allegations of paragraphs 1-24 of this Complaint.

26.     Defendant has infringed Plaintiff's Marks under 15 U.S.C. § 1114, *et seq.* Defendant's use of Plaintiff's Marks in its business name "IC: Feed the Children," is likely to cause and has caused actual confusion, mistake, or deception as to the origin, sponsorship, or approval of Plaintiff's services and commercial activities. Defendant's actions have been carried out in willful disregard of Plaintiff's rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27.     Defendant's wholesale incorporation of Plaintiff's federally protected mark, "Feed the Children," into Defendant's business name is likely to and has already caused confusion to the

public such that members of the public have wrongly believed that Defendant is Plaintiff.

28. Defendant has been on notice of Plaintiff's federal trademark rights for at least four years since Plaintiff began sending cease-and-desist letters to Defendant. Additionally, Plaintiff is an internationally known organization, and its Marks are famous. Defendant's failure to take any action in response to Plaintiff's repeated notice and outreach related to Defendant's infringement indicates that Defendant has infringed Plaintiff's Marks intentionally and/or with willful disregard for Plaintiff's rights.

29. Defendant's conduct as described in the foregoing paragraphs has caused and will continue to cause irreparable harm to Plaintiff because Defendant will continue to unfairly and improperly use and benefit from its infringement of Plaintiff's Marks to Defendant's benefits and to Plaintiff's detriment.

30. Plaintiff is entitled to injunctive, declaratory, and monetary relief, and all other forms of relief set forth by law and equity, as a result of Defendant's unlawful actions.

**COUNT 2 – UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND PASSING OFF UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)**

31. Plaintiff fully incorporates the allegations in paragraphs 1-30 of this Complaint.

32. Defendant has engaged and continues to engage in unfair competition, false designation of origin, passing off, and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), through its incorporation of "Feed the Children" into its business name.

33. Defendant's unauthorized use of Plaintiff's Marks has already caused actual confusion as described above and is likely to further cause other members of the public to mistakenly believe that Defendant's services originate from, are endorsed by, or are in some way affiliated with Plaintiff. Defendant's actions thus constitute trademark infringement, false

designation of origin, passing off, and unfair competition, and are likely to cause Plaintiff's Marks to lose their significance as indicators of origin.

34. Defendant's continued use of Plaintiff's Marks as set forth above, were done with Defendant's full knowledge of Plaintiff's trademark rights. Accordingly, Defendant's actions have been carried out in willful disregard of Plaintiff's rights in violation of 15 U.S.C. § 1125(a).

35. Defendant's misuse of Plaintiff's Marks has already caused a national financial institution to confuse Plaintiff for Defendant, thus effecting interstate commerce.

36. Defendant has caused and continues to be likely to cause injury to Plaintiff for which Plaintiff may have no adequate remedy at law. Unless enjoined, Defendant's unlawful activities will continue to cause irreparable injury to Plaintiff.

### COUNT 3 – TRADEMARK DILUTION
### UNDER THE LANHAM ACT, 15 U.S.C. § 1125(C)

37. Plaintiff fully incorporates the allegations in paragraphs 1-36 of this Complaint.

38. Due to Plaintiff's long-standing, extensive, widespread, and exclusive use of Plaintiff's Marks, coupled with the fact that over the past ten years, Plaintiff has invested over $120,000,000 in marketing, promoting, and advertising Plaintiff's Marks and services globally, Plaintiff's Marks have become famous to the public.

39. The similarity between Plaintiff's famous Marks and Defendant's use of "Feed the Children" in commerce creates a strong association between the two in the minds of the public.

40. Defendant's use of Plaintiff's Marks in connection with its anti-hunger and childcare services is causing and is likely to cause dilution of Plaintiff's famous Marks in violation of Section 43(c) of the Lanham Act.

41. As set forth above, Plaintiff has suffered irreparable harm to its goodwill and reputation to its Marks as a result of Defendant's actions. Plaintiff has no adequate remedy at law because damage to its goodwill and reputation are ongoing and difficult to ascertain.

42. Defendant's continued use of Plaintiff's Marks is deliberate, willful, fraudulent, and constitutes a knowing dilution of Plaintiff's Marks.

### COUNT 4 – DECLARATORY RELIEF, 28 U.S.C. § 2201

43. Plaintiff fully incorporates the allegations in paragraphs 1-42 of this Complaint.

44. Plaintiff prays that the Court declare Defendant's actions described herein to be unlawful infringement of Plaintiff's Marks, unfair competition and false designation of origin of Plaintiff's Marks, and dilution of Plaintiff's Marks in violation of the Lanham Act.

45. As a direct and proximate cause and result of Defendant's actions as described herein, Plaintiff has suffered civil damages, actual damages, compensatory damages, attorneys' fees, exemplary damages, economic damages, loss and injury or, alternatively, nominal damages.

46. As a direct and proximate result of Defendant's actions as described herein, Plaintiff is entitled to trebled damages.

47. Alternatively, and directly, if applicable, Plaintiff seeks disgorgement damages from Defendant.

48. Alternatively, and directly, if applicable, Plaintiff seeks lost profits damages from Defendant.

49. Alternatively, and directly, if applicable, Plaintiff, if necessary, and if appropriate, seeks the recovery of nominal damages.

### REQUEST FOR INJUNCTIVE RELIEF

50. Plaintiff fully incorporate by reference the allegations set forth in paragraphs 1-49.

51. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to a preliminary and permanent injunction preventing any actual or threatened infringement of its federally registered Marks by Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of the foregoing (collectively, "Covered Persons"). More specifically, Plaintiff is entitled an injunction prohibiting Defendant's unauthorized use of its Marks, including an order preventing Defendant from using the directly infringing name(s) "IC: Feed the Children" and/or "Feed the Children."

52. Pursuant to 15 U.S.C. § 1125(a), Plaintiff is entitled to a preliminary and permanent injunction preventing Covered Persons from engaging in any false designations of origin, passing off, and/or unfair competition related to Plaintiff's federally registered Marks. More specifically, Plaintiff is entitled to an injunction prohibiting Covered Persons from taking any actions which suggest that Defendant is in any way affiliated with the Plaintiff, and/or from taking any actions that mislead or confuse the public regarding the same.

53. Pursuant to 15 U.S.C. § 1125(c), Plaintiff is entitled to a preliminary and permanent injunction preventing Covered Persons from diluting and/or tarnishing Plaintiff's Marks by doing business as "IC: Feed the Children" or "Feed the Children."

54. Plaintiff has a substantial likelihood of prevailing on the merits of its claims.

55. Unless the Covered Persons are enjoined from the conduct described herein, there is a substantial threat that Plaintiff will continue to suffer irreparable harm, including infringement of its federally registered Marks, loss of goodwill, and financial losses that are not presently calculable.

56. The irreparable harm that Plaintiff will suffer if injunctive relief is denied outweighs the potential harm (if any) to Defendant if injunctive relief is granted.

57.     Granting the requested injunctive relief will not disserve the public interest.

58.     Consequently, without the requirement of posting a bond, Plaintiff is entitled to preliminary and permanent injunctive relief as set forth herein.

**WHEREFORE**, Plaintiff Feed the Children, Inc. respectfully requests that Defendant IC: Feed the Children, Inc. be cited to appear and answer, and that Plaintiff be awarded relief against Defendant as follows:

a.  Enter judgement in its favor and against Defendant, and order Defendant to pay damages to Plaintiff, in an amount to be proved at trial, plus pre- and post-judgment interest, costs, exemplary/trebled damages, and attorneys' fees as allowed by law;

b.  Enter a preliminary and permanent injunction ordering that Defendant, and its respective officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participate with any of the foregoing (collectively, "Covered Persons") are restrained and enjoined from:

   i.  directly or indirectly infringing on Plaintiff's Marks, including but not limited to, using Plaintiff's Marks in operating under the directly infringing name(s) "IC: Feed the Children" and/or "Feed the Children";

   ii. directly or indirectly engaging in any false designations of origin, passing off, and/or unfair competition related to Plaintiff's federally registered Marks and the business of Plaintiff, including but not limited to taking any actions which suggest that Defendant is in any way affiliated with

        Plaintiff and/or that the Defendant represents Plaintiff in any capacity, and/or from taking any actions that mislead or confuse the public regarding the same;

    iii. diluting and/or tarnishing Plaintiff's Marks by using the business name "IC: Feed the Children," "Feed the Children," or variations thereof, for a business unaffiliated with Plaintiff.

c. Grant Plaintiff such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

DATED: April 25, 2023.

        Respectfully submitted,

        **PHELPS DUNBAR LLP**

        */s/ David L. Patrón*
        David L. Patrón (La. Bar #22566)
        Lindsay J. Calhoun, (La. Bar #35070)
        Margaret Manning (La. Bar #39268)
        Canal Place | 365 Canal Street, Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: 504-566-1311
        Telecopier: 504-568-9130
        Email: patrond@phelps.com
               lindsay.calhoun@phelps.com
               margaret.manning@phelps.com

        **ATTORNEYS FOR PLAINTIFF FEED THE CHILDREN, INC.**

## VERIFICATION

I, Stephanie Condeluci, Vice President of Legal & Regulatory Services,, hereby state that I have read the foregoing Verified Complaint ("Complaint"), that I am authorized to make this Verification on behalf of Plaintiff Feed the Children, Inc., and that the factual allegations contained in Paragraphs 1-58 of the Complaint are true and based on personal knowledge or information available to me which I believe to be true to the best of my knowledge, information and belief. This statement is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn declarations under penalty of perjury.

Executed on April 25th, 2023.

*[signature]*

Stephanie Condeluci, Vice President
Legal & Regulatory Services
Feed the Children, Inc.

14

PD.40776247.2